UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


KIMBERLY A. WILLIAMS,         )
                                   )
               Plaintiff,   )
       vs.                       ) NO. 1:11-cv-00872-MJD-JMS
                                   )
MICHAEL J. ASTRUE,          )
                                   )
          Defendant.    )


# Order

Plaintiff Kimberly Williams ("Williams") requests judicial review of the final decision of

Defendant Michael J. Astrue, Commissioner of the Social Security Administration

("Commissioner"), denying her applications for Disability Insurance Benefits ("DIB") under

Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI")

under Title XVI of the Act.  For the reasons set forth, the Court **AFFIRMS** the Commissioner's

decision denying benefits.

# I. Background

## A. Procedural History

On January 26, 2007, Williams filed applications for DIB and SSI, alleging disability

beginning on January 21, 2007.  Williams' applications were denied initially and after

reconsideration.  Thereafter, Williams requested a hearing, which was held before

Administrative Law Judge ("ALJ") Albert Velasquez on July 23, 2009.  On October 22, 2009,

the ALJ denied Williams' applications.  Williams requested review of the ALJ's decision by the

Appeals Council.  On May 11, 2011, the Appeals Council affirmed the ALJ's denial decision.

On June 29, 2011, Williams filed this timely appeal requesting review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## B. Factual Background

At the time of the ALJ's decision, Williams was 35 years old and had a high school education. Williams had past relevant work as a kitchen manager and a kitchen worker. Williams stopped working because she suffered from chronic pain due to fibromyalgia.

Williams testified that she sleeps on and off most of the day because she does not get a good rest at night. She does some chores such as dishes or laundry and her children and mother assist her with chores. Williams remains in bed on her bad days, which are triggered by rain or a lack of sleep. Williams also suffers from migraines, asthma, gastro esophageal reflux disease ("GERD"), and has symptoms of depression.

Williams' medical record shows a history of complaints of migraine headaches, diffuse pain, sleep difficulties, and fatigue. On April 5, 2007, Dr. Ziad Jaradat performed a consultative examination of Williams. At the examination, Williams reported diffuse pain in most muscle groups in her body, stiffness in her hands, severe fatigue, and decreased energy. Dr. Jaradat noted that Williams had the classical tender points of fibromyalgia. Dr. Jaradat found that Williams could stand and walk without the need for assistive measures, but she had a slow gait that Williams attributed to pain in her thighs. Williams was unable to walk on her heels and toes or squat completely, but could tandem walk. Williams' joints had the full range of motion without evidence of deformity, effusion, or inflammation.

On April 17, 2007, Dr. J. Sands completed a physical Residual Functional Assessment. Dr. Sands found that Williams could occasionally lift up to fifty pounds, frequently lift up to twenty-five pounds, stand, walk, or sit about six hours in an eight-hour workday. Dr. Sands

found postural limitations, noting that Williams could only occasionally climb ramps or stairs and could never climb ladders, ropes, and scaffolds.

Additionally on April 17, 2007, Williams underwent a consultative mental status examination. Dr. Suzanne Leiphart diagnosed Williams with Depressive Disorder NOS, not otherwise specified, assigning Williams a Global Assessment of Functioning ("GAF") score of fifty-two, which indicates Williams had moderate symptoms or moderate difficulty in functioning. Additionally, Disability Determination Service ("DDS") clinician Dr. Kenneth Neville completed a psychiatric review technique and concluded that Williams had mild limitations in activities of daily living, social functioning, and maintaining concentration, persistence, or pace.

## II. Disability and Standard of Review

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). In order to determine steps four and five, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is the "maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p) At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, …or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be

based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

## III. The ALJ's Decision

At step one, the ALJ found that Williams has not engaged in gainful work activity since the alleged onset date of January 21, 2007. [R. 17]. At step two, the ALJ found that Williams had the following severe impairments: rheumatoid arthritis, obesity, fibromyalgia, migraines, asthma, and interstitial cystitis. [*Id.*]. The ALJ also found that Williams' GERD and depression were non-severe impairments. At step three, the ALJ found that Williams did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. [*Id.* at 19]. The ALJ then found that Williams had the RFC to perform light work. [*Id.* at 20]. At step four, the ALJ found that Williams was not able to perform any past relevant work. [*Id.* at 25]. At step five, the ALJ found that Williams could perform a significant number of jobs that exist in the national economy and therefore he concluded that she was not disabled. [*Id.* at 25-26].

## IV. Discussion

Williams makes three arguments as to why the ALJ's decision should be reversed. First, Williams argues that the ALJ's denial decision is not supported by substantial evidence. Second, Williams argues that the ALJ's credibility determination is patently erroneous. Lastly, Williams argues that substantial evidence fails to support the ALJ's step five determination. The Court will address each argument in turn.

## A. Substantial Evidence

Williams points to numerous treatment notes in the record that the ALJ allegedly ignored. [Dkt. 21 at 17-24]. However, the ALJ was not required to discuss every piece of evidence in the record. *Carlson*, 999 F.2d at 181. Moreover, the evidence that Williams alleges the ALJ ignored is largely duplicative of evidence the ALJ discussed. For example, Williams cites to several treatment notes that were ignored "although [the treatment notes] reported that she had been diagnosed with having fibromyalgia." [Dkt. 21 at 18]. There is no dispute that Williams was diagnosed with fibromyalgia and the ALJ found her fibromyalgia was a severe impairment. [*Id.* at 17]. Williams also cites to treatment notes that discuss Williams' pain and symptoms. [Dkt. 21 at 18]. While not discussing these specific treatment notes, the ALJ thoroughly discussed the medical evidence and Williams' reports of pain. [R. 22-23]. Overall, the ALJ supported his decision with substantial evidence.

Williams argues that the ALJ failed to summon a medical advisor to testify whether her impairments equaled any listed impairment. The decision to use a medical expert is discretionary; an ALJ may ask for and consider opinions from medical experts on the nature and severity of impairments, but there is no requirement in the regulations that he must do so. *See* 20 C.F.R. 416.927(f)(2)(iii). "If the ALJ believes that he lacks sufficient evidence to make a decision, he must adequately develop the record and, if necessary, obtain expert opinions." *Clifford v. Apfel,* 227 F.3d 863, 873 (7th Cir. 2000).

Here, the medical record contains ample evidence, including agency physicians Dr. Sands and Dr. Neville's opinions. In her reply brief, Williams argues that the agency physicians' opinions were rendered over two years before the ALJ's decision and they did not have available to them all of the evidence. However, Williams fails to present any evidence that her

impairments worsened after the agency physicians' rendered their opinions. In fact, the ALJ noted that Williams' symptoms improved significantly with the addition of two medications. [R. 23]. Thus, the Court finds no error in the ALJ's decision not to summon a medical advisor.

## B. Credibility Determination

Next, Williams argues that the ALJ's credibility determination is patently erroneous because it is contrary to Social Security Ruling ("SSR") 96-7p because the ALJ based his determination solely on the objective evidence. "[A]n ALJ cannot deny disability '*solely* because the available objective medical evidence does not substantiate the claimant's statements.'" *Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) (quoting 20 C.F.R. § 404.1529(c)(2)). Rather, the ALJ must consider the entire record giving specific reasons for the weight given to the claimant's statements. *Id.* at 517. The factors the ALJ should consider include the claimant's daily activities; the location, duration, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; treatment and any measures used to relieve pain or symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vi).

Here, the ALJ provided a thorough discussion of the factors in 20 C.F.R. § 416.929(c)(3). [R 21-25]. While Williams is correct that the ALJ could not base his decision solely on the objective medical evidence, the ALJ may consider the lack of objective medical evidence in making his credibility determination. *See Simila*, 573 F.3d at 519; SSR 96-7p (stating that the ALJ must consider the entire record, including the objective medical evidence in determining the credibility of the claimant's statements). The ALJ considered the objective medical evidence along with Williams' daily activities, the location, duration, and intensity of her pain, precipitating and aggravating factors, her medication and side effects, and the treatment

measures used to relieve her pain or symptoms.  Thus, contrary to Williams' argument, the ALJ

did not rely solely on the objective medical evidence.  Accordingly, the Court cannot conclude

that the ALJ's determination was patently wrong.  *See Schmidt v. Barnhart*, 395 F.3d 737, 746-

47 (7th Cir. 2005).

## C. Step Five Determination

Lastly, Williams argues that the ALJ did not consider all of her documented impairments

in his RFC.  However, the ALJ thoroughly discussed the evidence in the record and his RFC

accounted for her documented impairments, including her pain and fatigue, stating that Williams

should avoid work around unprotected heights, dangerous machinery, operating a motor vehicle,

or work around open flames or large bodies of water due to her side effects from medication and

the distraction caused by her pain and fatigue.  [R. 20-21].  Accordingly, the ALJ's step five

determination is supported by substantial evidence.

## V. Conclusion

For the reasons discussed above, the Court **AFFIRMS** the Commissioner's decision

denying benefits.

Dated:   05/10/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com